**Opinion issued July 18, 2013**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-12-01077-CR**

_____

**ANGEL O. DIAZ-MORALES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1344022**

**MEMORANDUM OPINION**

Appellant, Angel O. Diaz-Morales, was charged by indictment with possession of cocaine.[1] Appellant pleaded not guilty. The jury found him guilty, and the trial court assessed punishment at two years' confinement. In two issues,

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), .115(a), (c) (Vernon 2010).

appellant argues (1) the evidence was insufficient to support his conviction and (2) the trial court abused its discretion by denying his motion to suppress based on lack of probable cause to detain him.

We affirm.

## Background

Sergeant L Oviedo and Officer D. Dexter, both from the Houston Police department, were working an extra job at Chula's Sports Cantina on April 15, 2012. The officers received a tip from a patron that there was suspicious activity in the men's restroom. They went to investigate and encountered appellant and another man leaving the restroom. Sergeant Oviedo asked to speak to appellant, and appellant agreed. Feigning adjusting his pants, appellant reached into his back pocket and dropped a small baggie containing what was later determined to be cocaine onto the ground by his foot. Sergeant Oviedo observed this. The officers arrested appellant.

Appellant's cousin, P. Diaz, also testified. Diaz testified that he was at a table at the cantina and saw the sequence of events. He further testified that he saw someone talk to the officers about something happening in the restroom, that the officers went to the restroom and encountered appellant on the way out, and that they immediately placed him against the wall and frisked him. Diaz asserted that

2

the officers moved appellant to a different location in the cantina and did not find the drug at the original location until later.

Appellant also testified. He denied dropping any cocaine from his pants. He testified that the officers found the cocaine on the ground and then began questioning him about whether it was his. He also acknowledged that he was seeking citizenship and that he would not get it if found guilty of the offense.

## Sufficiency of the Evidence

In his first issue, appellant argues that the evidence was insufficient to support his conviction.

### A. Standard of Review

This Court reviews sufficiency-of-the-evidence challenges applying the same standard of review, regardless of whether an appellant presents the challenge as a legal or a factual sufficiency challenge. *See Ervin v. State*, 331 S.W.3d 49, 53–54 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (construing majority holding of *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)). This standard of review is the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). *See Ervin*, 331 S.W.3d at 54. Pursuant to this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven

beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Finally, the "cumulative force" of all the

4

circumstantial evidence can be sufficient for a jury to find the accused guilty beyond a reasonable doubt. *See Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

**B.    Analysis**

Pursuant to section 481.115 of the Texas Health and Safety Code, except in circumstances not relevant to this conviction, "a person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1." TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (Vernon 2010); *see also id.* § 481.102(3)(D) (Vernon 2010) (listing cocaine as a controlled substance under Penalty Group 1). "'Possession' means actual care, custody, control, or management." *Id.* § 481.002(38) (Vernon 2010).

Appellant argues that "the State failed to prove that Appellant had care, control, or management over the cocaine in the area where Sergeant Oviedo found it." We disagree. Sergeant Oviedo testified that he actually saw appellant pull the baggie from his back pocket and drop it on the ground. On more than one occasion, Sergeant Oviedo testified, "I didn't find it on the floor. I saw him drop it." This is sufficient evidence to establish possession. *See Frazier v. State*, 480 S.W.2d 375, 381 (Tex. Crim. App. 1972) (holding evidence of wearing clothing containing drugs is sufficient to establish possession of drugs); *Jackson v. State*, 84 S.W.3d 742, 745 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding evidence

legally sufficient based on single officer's testimony despite controverting testimony).

We overrule appellant's first issue.

## Motion to Suppress

In his second issue, appellant argues that the trial court abused its discretion by denying his motion to suppress based on lack of probable cause to detain him. The State argues this issue has been waived. We agree with the State.

Appellant filed a motion to suppress before trial. He did not present the motion to suppress until after the State presented its evidence and rested. In his motion, appellant sought the suppression of all evidence seized as a result of his detention and arrest. Specifically, he sought the suppression of the testimony of all of the officers concerning his arrest as well as the cocaine. At the time he presented his motion, however, the State had sought and obtained admission of the cocaine and the lab report identifying it as cocaine. For both exhibits, appellant stated that he had no objection. Multiple officers had also testified about appellant's detention, the recovery of the cocaine after appellant dropped it, and the chain of custody over the cocaine up until the time of trial.

A motion to suppress is "a specialized objection to the admissibility of evidence." *Porath v. State*, 148 S.W.3d 402, 413 (Tex. App.—Houston [14th Dist.] 2004, no pet.). As a result, it must meet all the requirements of an

evidentiary objection, including timely objecting. *Id.* Filing the motion to suppress is not sufficient to preserve error. *Coleman v. State*, 113 S.W.3d 496, 499–500 (Tex. App.—Houston [1st Dist.] 2003), *aff'd on other grounds*, 145 S.W.3d 649 (Tex. Crim. App. 2004). A motion to suppress that is urged after the State has presented its evidence and rested is not timely. *Nelson v. State*, 626 S.W.2d 535, 536 (Tex. Crim. App. 1981). Accordingly, appellant has waived this issue.

We overrule appellant's second issue.

**Conclusion**

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).