**Opinion issued September 29, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00568-CR

————————————

## RONALD BRYCE HALL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 239th District Court
### Brazoria County, Texas
### Trial Court Case No. 74228

---

## MEMORANDUM OPINION

A jury found Appellant, Ronald Bryce Hall, guilty of the offense of possession

of a controlled substance with the intent to deliver in a drug free zone.[1]  The jury

---

[1]  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2010), § 481.134 (Vernon Supp. 2015).

assessed punishment at 20 years in prison. Appellant asserts on appeal that he received ineffective assistance of counsel at trial.

We affirm.

## Background

Prior to July 17, 2014, Investigator J. Edwards from the Alvin Police Department was contacted by a confidential informant. The informant told Edwards that he could purchase methamphetamine from either Christopher Hanselka or Kayle Greene. Edwards ultimately arranged for the confidential informant to conduct two controlled buys by contacting Hanselka by phone and making the arrangement.

During the first buy, the informant made contact with Hanselka. Following an agreement to sell drugs, the informant went to Appellant's residence in Alvin, Texas. The informant met Appellant, who completed the transaction.

The second buy occurred the same way except that Greene made the exchange of money for meth, and Appellant did not participate in the sale. The details of the controlled buys were included in an affidavit, which was then used to obtain a search warrant for Appellant's residence.

Based on these transactions, Investigator Edwards prepared an affidavit in support of a request for a search warrant for Appellant's residence. Edwards detailed the information relevant to the search warrant, including the actions and statements of the informant. The search warrant was issued. It authorized the seizure of, among

other things, evidence of any narcotic transactions that may be found on ledgers and cell phones.

On July 17, police executed the search warrant on Appellant's residence. Five people were in the three-bedroom house. Appellant was one of three people listed in the affidavit supporting the search warrant, and he was found alone in a bedroom. Hanselka and Greene were listed on the affidavit, and they were found in another bedroom. There were two other people in the third bedroom. All five were arrested.

Appellant was found lying on a bed with a small bag under a table within arm's reach. The bag contained what was later determined to be 6.3 grams of methamphetamine. A pink camouflage case was lying in bed with Appellant, and it contained over 50 small Ziploc baggies, syringes, a digital scale, a 100-gram metal weight, a black light, and a credit card reader. Several cell phones, $128 in small bills, and 27 promethazine pills in a pouch were also recovered from Appellant's room. Appellant's cellphone contained pictures of himself and a scale weighing what appears to be methamphetamine of two different amounts.

Every bedroom in the house was found with a digital scale in it. Hanselka and Greene's bedroom also had a ledger. The ledger contained a record of drug transactions.

The police determined that Appellant's house was 862 feet from Sealy Park, which was open to the public.

Prior to trial, Appellant moved to have the identity of the confidential informant disclosed and the search warrant suppressed for the alleged unreliability of the informant. Both motions were denied. During the trial, when the search warrant and its supporting affidavit were admitted as evidence, Appellant reurged his motion to suppress, which was overruled.

Also during trial, Sergeant J. Brawner, from the Narcotics Division of the Brazoria county Sheriff's Office, testified about general information regarding methamphetamine use and how it is sold and distributed. Sergeant Brawner also testified about the damaging effects that methamphetamine use has on society as a whole and about the general state of methamphetamine trafficking throughout Brazoria County.

During closing argument, Appellant's trial counsel acknowledged that Appellant possessed the meth he was found with but argued that Appellant was just a user and not a dealer. He pointed out that Appellant's house was in horrible condition and that there were used syringes and small baggies that contained meth residue in them, which pointed to the use of drugs at Appellant's residence.

In contrast, the State argued that being a user and a dealer were not mutually exclusive. The State highlighted all of the evidence retrieved from Appellant's residence, and his room in particular, that is indicative of drug sales, including the baggies and scale kept in a case, which was found in Appellant's bed with him at the

4

time of arrest, as well as the ledger of drug transactions found in another room. After this summary, the State argued that, if this evidence did not convince the jury, the search-warrant affidavit should. The State argued that the claim in the affidavit that the confidential informant completed the first drug purchase with Appellant established that he had the intent to deliver drugs even if all the other evidence did not persuade the jury.

After trial, Appellant filed a motion for a new trial. The motion did not raise any ineffective assistance of counsel claims.

## Applicable Legal Principles

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. *See* U.S. CONST. amend. VI. To show ineffective assistance of counsel, a defendant must demonstrate both (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Andrews*, 159 S.W.3d at 101.

An appellant bears the burden of proving by a preponderance of the evidence that his counsel was ineffective. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* at 814. We presume that a counsel's conduct falls within the wide range of reasonable professional assistance, and we will find a counsel's performance deficient only if the conduct is so outrageous that no competent attorney would have engaged in it. *Andrews*, 159 S.W.3d at 101. When an appellant argues that his counsel rendered ineffective assistance by failing to make an objection, he must show that the trial court would have erred in overruling the objection. *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996); *Jacoby v. State*, 227 S.W.3d 128, 131 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

"In making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). Demonstrating ineffective assistance of counsel on direct appeal is "a difficult hurdle to overcome." *Id.* In order to establish it, "the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Id.*

6

After proving error, the appellant must affirmatively prove prejudice from the deficient performance of his attorney. *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *Burruss v. State*, 20 S.W.3d 179, 186 (Tex. App.—Texarkana 2000, pet. ref'd). The appellant must prove that his attorney's errors, judged by the totality of the representation and not by isolated instances of error, denied him a fair trial. *Burruss*, 20 S.W.3d at 186. It is not enough for the appellant to show that the errors had some conceivable effect on the outcome of the proceedings. *Id.* He must show that there is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable doubt about his guilt or that the extent of his punishment would have been less. *See id.*; *see also Bone v. State*, 77 S.W.3d 828, 836–37 (Tex. Crim. App. 2002).

**Analysis**

In his sole issue on appeal, Appellant argues that he received ineffective assistance of counsel at trial. Within this issue, Appellant raised four general grounds for why his counsel was ineffective: failure to (1) object to irrelevant and prejudicial evidence of drug trafficking in Brazoria County and in Texas and the effects that methamphetamine has on society; (2) object to the admission of photographs found on Appellant's cell phone at the time of his arrest; (3) object to the admission of a drug ledger found in Hanselka's bedroom; and (4) object to the admission of the

search warrant and supporting affidavit based on the Confrontation Clause and hearsay.

## A.    Testimony about Drug Trafficking in Brazoria County

In his first ground for ineffective assistance of counsel, Appellant complains about his trial counsel's failure to object to evidence of drug trafficking in Brazoria County and in Texas and the effects that methamphetamine has on society. This testimony was provided by Sergeant Brawner. Appellant contends that these two parts of Brawner's testimony were irrelevant and prejudicial and trial counsel should have objected to them.

Assuming without deciding the testimony was inadmissible, we note the record is silent with regards to what trial counsel's motives could have been for not objecting to its admission. "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been grounded in legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim." *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007).

The State argues that trial counsel could have determined that Sergeant Brawner's testimony had little or no effect on the defense's theory that Appellant was a drug user and not a dealer and objecting to the testimony would have

highlighted the testimony and made Appellant appear like he was trying to hide something.

For evidence that is not particularly harmful, trial counsel can reasonably decide not to object so as to appear candid and not trying to hide evidence. *See Thomas v. State*, 886 S.W.2d 388, 392 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (it is plausible strategy for trial counsel to try to elicit the appearance of candor by not objecting to inadmissible evidence when that evidence is not that harmful); *see also Haagensen v. State*, 346 S.W.3d 758, 766 (Tex. App.—Texarkana 2011, no pet.) (objecting to the evidence would have emphasized it and a plausible trial strategy for not objecting may have been to build rapport with the jury and prevent the jury from making the determination that counsel was attempting to hide information).

Sergeant Brawner testified that Brazoria County was added into what is known as the High Intensity Drug Trafficking Area Network and that there are many negative effects on society from meth dealing and usage, including theft and child neglect. He also testified that the drug was highly addictive, which leads to the societal problems he mentioned. This evidence did not directly contradict Appellant's defensive theory that he was a user but not a dealer. In addition to the possibility that Appellant's trial counsel was trying to avoid appearing like he was hiding evidence, trial counsel could have reasonably anticipated relying on

9

Brawner's testimony to engender sympathy for Appellants given the addictiveness of the drug Appellant possessed. Accordingly, this ground does not support Appellant's ineffective assistance of counsel issue.

## B.     Admission of Appellant's Cell Phone

Appellant argues that his trial counsel was ineffective because he failed to object to the insufficiency of the affidavit used to support the search warrant for the seizure of Appellant's cell phone and the photos on it. In addition, Appellant claims that trial counsel failed to object to the relevance or unfair prejudice of the photos.

In order to show that trial counsel was ineffective for failing to object, Appellant must show that the trial court would have committed an error by overruling the objection that he asserts trial counsel should have made. *Vaughn*, 931 S.W.2d at 566; *Jacoby*, 227 S.W.3d at 131. An evidentiary search warrant may be issued for the search and seizure of "property or items, except the personal writings by the accused, constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense."[2] TEX. CRIM. PROC. CODE ANN. art 18.02(10) (Vernon Supp. 2015); *Porath v. State*, 148 S.W.3d 402, 407–08

---

[2]     A warrant issued under TEX. CRIM. PROC. CODE ANN. art 18.02(10) (Vernon Supp. 2015) is called an evidentiary search warrant. *Carman v. State*, 358 S.W.3d 285, 297 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (quoting *Porath v. State*, 148 S.W.3d 402, 407–08 (Tex. App.—Houston [14th Dist.] 2004, no pet.)).

(Tex. App.—Houston [14th Dist.] 2004, no pet.). An evidentiary search warrant requires an affidavit that sets forth sufficient facts to establish probable cause:

(1) that a specific offense has been committed,

(2) that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and

(3) that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched.

TEX. CRIM. PROC. CODE ANN. art 18.01(c) (Vernon Supp. 2015); *Carman v. State*, 358 S.W.3d 285, 297 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).

In the context of evidentiary searches, probable cause involves "a fair probability that contraband or evidence of a crime will be found." *Baldwin v. State*, 278 S.W.3d 367, 371 (Tex. Crim. App. 2009) (quoting *Alabama v. White*, 496 U.S. 325, 330 (1990)). "Probable cause is a relatively high level of suspicion, though it falls far short of a preponderance of the evidence standard." *Id.* (citing *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S. Ct. 795, 800 (2003)).

Appellant contends that there was no probable cause to search and seize Appellant's cell phone because its inclusion in the evidentiary search warrant was based on "generalities and stereotypes of drug dealers in the abstract." *See Price v. State*, 93 S.W.3d 358, 367 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (determining that the justification for a no-knock entry to execute a search warrant cannot be based on the stereotype that all drug dealers are violent). A magistrate's

11

decision to issue an evidentiary search warrant is reviewed under a highly deferential standard of review. *Bonds v. State*, 403 S.W.3d 867, 873 (Tex. Crim. App. 2013). If the magistrate had a substantial basis for concluding that probable cause existed, then the magistrate's decision should be upheld. *Id*. (citing *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011) (citing *Gates*, 462 U.S. at 234–37)). The magistrate may "draw reasonable inferences solely from the facts and circumstances contained within the affidavit's four corners." *Id*. (citing *State v. Jordan*, 342 S.W.3d 565, 569 (Tex. Crim. App. 2011)). Appellate courts should not invalidate a warrant through a hyper-technical interpretation of the affidavit if the warrant would be valid through a common sense interpretation. *Id*. (citing *McLain*, 337 S.W.3d at 272).

The information contained within the four corners of the affidavit includes the details of two controlled buys by the confidential informant that occurred at Appellant's residence. Both of those buys were initiated and arranged over a cell phone. In addition, the affiant swore, based on his training, experience, and participation in financial/drug trafficking investigations that a cell phone was a common tool of drug trafficking and that it was reasonable to believe that any cell phone found at Appellant's residence could contain evidence of illegal drug trafficking.

Given that a cell phone was used in facilitating the two controlled buys outlined in the affidavit and the affiant's contention that cell phones are common tools of drug traffickers, there was "a fair probability" that any cell phones recovered during the search of Appellant's residence would contain evidence connected to drug trafficking. *See Baldwin*, 278 S.W. 3d at 371. As a result, the affidavit was sufficient to show probable cause for the search and seizure of Appellant's cell phone, and the trial court would not have erred by overruling such an objection. *See Vaughn*, 931 S.W.2d at 566.

Next, Appellant contends that his trial counsel failed to make an objection for relevance or prejudice of the photos found on Appellant's cell phone. However, the record shows that trial counsel did make those objections, and the objections were overruled. Appellant does not challenge the validity of those rulings. Accordingly, trial counsel cannot be deficient for failing to make relevance and prejudice objections, when he actually did make those objections. *See Thompson,* 9 S.W.3d at 813 ("allegations of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness").

## C. Admission of Drug Ledger

Appellant argues that trial counsel's performance was deficient for failure to object to the admission of the drug ledger. Appellant contends that the ledger should not have been admitted because it lacked authentication and it was also "personal

writings" and, therefore, exempt from an evidentiary search warrant's search and seizure.

For authentication, "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *Butler v. State*, 459 S.W.3d 595, 600 (Tex. Crim. App. 2015) (quoting TEX. R. EVID. 901(a)). In a jury trial, the trial court needs to make the "preliminary determination that the proponent of the item has supplied facts sufficient to support a reasonable jury determination that the proffered evidence is authentic" and leave to the jury the ultimate determination of whether the item is what the proponent claims it is. *Id. (citing Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012)). The preliminary authentication requirement can be satisfied by showing "distinctive characteristics and the like: appearance, contents, substance, internal patterns or other distinctive characteristics, taken in conjunction with circumstances." *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007) (quoting TEX. R. EVID. 901(b)(4)). A trial court's determination of whether or not a proponent has met the threshold requirement for the preliminary determination of authenticity is subject to an abuse of discretion review and as long as the determination is within the "zone of reasonable disagreement" then the decision should not be countermanded. *Butler*, 459 S.W.3d at 600; *Tienda*, 358 S.W.3d at 639.

Appellant argues that the facts of this case resemble *United States v. Jackson*, 636 F.3d 687 (5th Cir. 2011). The ledger in *Jackson* had been produced by the defendant's alleged co-conspirator during a proffer session "under circumstances that raise questions in and of themselves." *Id.* at 693. The court held that the ledger allegedly containing cocaine records was not properly authenticated because no member of the drug-trafficking organization testified to its trustworthiness and because the investigating officer could not personally vouch for its credibility. *Id.* at 693–94.

The state argues that *U.S. v. Wake* is a more applicable case. 948 F.2d 1422 (5th Cir. 1991). In *Wake*, the contents of Wake's wallet and tally sheets found in his office were admitted into evidence. *Id.* at 1434. The contents of Wake's wallet contained a sheet with code numbers, names, and telephone numbers. *Id.* The tally sheets found in Wake's office "contained code numbers, numbers representing quantities of drugs, and amounts of money." *Id.* The government used testimony from one of the investigating officers to authenticate the writings. *Id.* The court in *Wake* noted that circumstantial evidence may be used to authenticate documents, handwriting analysis was not required, and the contents of the documents could be used to identify its declarant. *Id.* at 1434–35. Finally, the court determined that the contents of Wake's wallet and the tally sheets from his office were properly

authenticated and that there was "no error, much less the requisite abuse of discretion." *Id*. at 1435.

Similar to *Wake*, the ledger was found in Appellant's house when and where he was arrested; so the circumstance of its recovery support authentication. *See id* (authenticated code sheet was found in defendant's wallet and authenticated tally sheet found in his office). In addition, the investigating officer was able to provide testimony that the ledger contained names and monetary amounts that corresponded with prior drug transactions that were connected to Appellant. *See id.* The circumstances of how the ledger was found and the expert testimony about its contents are sufficient evidence to support a preliminary determination that a reasonable jury could determine that the ledger was what the state purported it to be. *See Butler*, 459 S.W.3d at 600. The ledger was sufficiently authenticated to be admissible. *See Id.*; *Tienda*, 358 S.W.3d at 639. Thus, the trial court would not have been in error if it had overruled an objection based on authenticity of the ledger by trial counsel. *See Vaughn*, 931 S.W.2d at 566; *Jacoby*, 227 S.W.3d at 131.

Appellant also contends that the ledger constituted "personal writings" and that it was precluded from seizure under Texas Code of Criminal Procedure.[3] *See*

---

[3] The accused's personal writings are not to be included in a search warrant for property or items "constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense." TEX. CRIM. PROC. CODE ANN. art 18.02(10) (Vernon Supp. 2015).

*Porath*, 148 S.W.3d at 409; TEX. CRIM. PROC. CODE ANN. art 18.02(10). "Personal writings refer to writings such as diaries, memos, and journals that were not intended by the writer to be published to third parties." *Porath*, 148 S.W.3d at 409 (citing *Reeves v. State*, 969 S.W.2d 471, 486 (Tex. App.—Waco 1998, pet. ref'd)). "[P]ersonal writings under article 18.02 are non-business writings only." *Nikrasch v. State*, 698 S.W.2d 443, 448 (Tex. App.—Dallas 1985, no pet.) (citing *United States v. Doe*, 465 U.S. 605, 104 S. Ct. 1237, 1240–42 (1984)). It does not matter if the writings pertain to legal business or illegal business, they are not exempt from seizure under the personal writings exception of article 18.02(10). *Id.* (holding that Appellant's personal list of stolen property was illegitimate business writings and did not constitute personal writings for article 18.02 purposes).

At the time Appellant was arrested at his residence, the ledger was found in the residence. It was admitted as evidence of the offense or evidence that tended to show Appellant committed the offense of possession of a controlled substance with the intent to deliver in a drug free zone. *See* TEX. CRIM. PROC. CODE ANN. art 18.02(10). In addition, the investigating officer testified that the writings in the ledger were names that corresponded with purchases and debts. Since they were indications of illegal narcotics trafficking and not portions of a journal or diary, the writings in the ledger were not exempt from seizure from an evidentiary warrant issued under article 18.02(10). *See Nikrasch*, 698 S.W.2d at 448. As a result, trial

17

counsel could not be deficient for failing to object to the admission of admissible evidence. *See Ex parte Jimenez*, 364 S.W.866, 887 (Tex. Crim. App. 2012).

**D.     Admission of Search Warrant and Affidavit**

Appellant argues his trial counsel was ineffective for failing to object to the admission of the search warrant and accompanying affidavit as a violation of his right to confront witnesses and as hearsay.

At trial, the State sought to introduce the search warrant and accompanying affidavit that brought about Appellant's arrest. Appellant's trial counsel objected by "reurg[ing] our objection based on the motion that was heard yesterday morning." That motion was a motion to suppress the evidence obtained as a result of the search warrant based on an argument that the confidential informant was not reliable enough to support the issuance of the search warrant. The trial court denied the motion after the hearing, denied Appellant's objection based on the motion, and admitted the search warrant and affidavit. As Appellant points out on appeal, his trial counsel did not raise Confrontation Clause or hearsay objections to the evidence.

The affidavit was prepared by Investigator Edwards prior to Appellant's arrest. In it, Edwards described the proof he had of drug activity at Appellant's resident. Much of the proof came from a confidential informant. Edwards averred

18

that the confidential informant contacted him, claiming to be able to purchase methamphetamine from two people, Greene and Hanselka, at their residence.

Edwards and the informant made plans for the informant to make a controlled buy at the residence. The informant contacted Hanselka, who agreed to sell him drugs. After the controlled buy, the informant told Edwards he made the purchase from Appellant. About a week later, Edwards and the informant conducted another controlled buy. This time, the informant reported making the purchase from Greene.

Based on this information, the search warrant was issued.

"The Confrontation Clause of the Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides that '[i]n criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]'" *Langham v. State*, 305 S.W.3d 568, 575 (Tex. Crim. App. 2010) (quoting U.S. CONST. amend. VI). Evidence of statements from a confidential informant to a police officer used to obtain a search warrant violates the Confrontation Clause, and such evidence cannot be admitted over an objection raising that ground. *See id.* at 579–82 (holding that evidence of communication with confidential informant used to "pave the way" for criminal prosecution was testimonial, that evidence was offered and used for truth of matter asserted, that State did not argue informant was unavailable, and that, accordingly, evidence violated Confrontation Clause).

Likewise, the affidavit is hearsay. Hearsay is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801(d). Hearsay is not admissible unless there is a rule or statute that provides for its admission. TEX. R. EVID. 802. The affidavit contains Investigator Edwards's statements that were not made when he was testifying during Appellant's trial. Furthermore, the affidavit contains representations made by a confidential informant to Edwards. The confidential informant did not make these statements during trial or even testify at trial.

Having determined it would have been error to overrule these objections had they been made, we turn to whether the failure to object could have been a reasonable trial strategy. *See Vaughn*, 931 S.W.2d at 566 (holding when ineffective assistance claim is based on failure to object, defendant must show trial court would have erred in overruling objection); *Thompson*, 9 S.W.3d at 813 (holding appellate courts presume that counsel's conduct falls within wide range of reasonable professional assistance).

As the State notes, Appellant's defensive theory was that he was a drug user living with drug dealers but was not personally a dealer. The State argues that Appellant's trial counsel could have chosen not to object because the second transaction disclosed by the informant supports the defensive theory that Appellant

20

was only a user. The informant told Investigator Edwards that he completed the second drug transaction with Greene. This neither supports nor refutes the defense's theory that Appellant was only a user. Accordingly, the informant's second transaction bore little relevance to whether Appellant was a dealer in addition to being a user.

In contrast, the informant's first transaction undermines the defensive theory that Appellant was only a user because it described Appellant dealing drugs. The remainder of the State's evidence against Appellant consisted of indicia of drug dealing (such as materials commonly used in drug deals found with him at the time of his arrest), but no direct proof of Appellant's actual participation as a drug dealer.

The State illustrated this in its closing argument. During its closing, the State identified the evidence of what was found in the house during the search as proof of Appellant being a drug dealer. After this summary, the State argued that, if this evidence did not convince the jury, the search-warrant affidavit should. By the State's own argument, then, the informant's description of the first drug deal constituted the fallback piece of evidence that could persuade the jury if all other evidence failed. There is no reasonable trial strategy for failing to properly object to evidence that so undermines the defensive theory.

The State also argues that trial counsel could have decided to admit it to attack the testifying officer's testimony. The exchange the State relies on is a less-than-a-

page of testimony where Appellant's counsel points out that the affidavit does not mention Investigator Edwards searching the vehicle of the informant before the buys and, accordingly, the drugs could have been hidden in the car. Edwards responded that he did search the car but forgot to put it into the affidavit. No further mention of this is made in the record. The State presents no argument for how this brief exchange could have been calculated to sway the jury enough to risk admitting evidence of Appellant's direct involvement in a drug sale.

Finally, we turn to whether Appellant was prejudiced by his attorney's performance. *See Hernandez*, 988 S.W.2d at 772; *see also Johnson v. State*, 169 S.W.3d 223, 228, 239 (Tex. Crim. App. 2005) (holding, if error is not attributable to trial court and is not structural, then error is analyzed under *Strickland* for harm; holding complete denial of right to testify by defense counsel is subject to *Strickland* analysis); *Langham v. State*, 305 S.W.3d at 582 (holding Confrontation Clause error is not structural).

"In a possession with intent to deliver case, the State must prove that the defendant: (1) exercised care, custody, control, or management over the controlled substance; (2) intended to deliver the controlled substance to another; and (3) knew that the substance in his possession was a controlled substance." *Parker v. State*, 192 S. W. 3d 801, 805 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2010), § 481.134 (Vernon

22

Supp. 2015). By arguing that Appellant was only a user and not a dealer, Appellant conceded at trial that he possessed the drugs and knew they were controlled substances. Accordingly, the matter at issue at trial was whether Appellant intended to deliver the drugs to another.

"[I]ntent to deliver is a question of fact for the jury to resolve, and it may be inferred from the acts, words, or conduct of the accused." *Taylor v. State*, 106 S.W. 3d 827, 831 (Tex. App.—Dallas 2003, no pet.). Circumstantial evidence can be used to establish intent. *See Jordan v. State*, 139 S.W. 3d 723, 726 (Tex. Crim. App. 2004). It can also be established by the testimony of experienced law enforcement officers. *Morrow v. State*, 757 S.W.2d 484, 488 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd). The factors that courts have used to determine intent "include: (1) the nature of the location where the defendant was arrested; (2) the quantity of drugs the defendant possessed; (3) the manner of the packaging of the drugs; (4) the presence or absence of drug paraphernalia (for use or sale); (5) whether the defendant possessed a large amount of cash in addition to the drugs; and (6) the defendant's status as a drug user." *Jones v. State*, 195 S.W.3d 279, 288 (Tex. App.—Fort Worth 2006), *aff'd*, 235 S.W.3d 783 (Tex. Crim. App. 2007). "The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense." *Moreno v. State*, 195 S.W.3d 321, 326 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd).

The evidence of intent, minus the affidavit, includes the 6.3 grams of meth that was found under the table within arm's reach of Appellant. Expert witness testimony was provided at trial that the amount of meth possessed by Appellant was more than what you would expect a user to have if it was just intended for personal use. *See Morrow*, 757 S.W.2d at 488 (police officer testimony relevant to show that the defendant possessed more cocaine than is normal if it is intended for personal use). In addition, there was a pink camouflage case in bed with Appellant. This case had over 50 small Ziploc baggies, syringes, a digital scale, a 100-gram metal weight, a black light and a credit card reader. The case had all the necessary paraphernalia that would be needed to perform a drug deal.

There was a safe in Appellant's room with $128 dollars in it. The money was in small denominations.

Appellant's cell phone contained two pictures of what looked to be meth of two different amounts, being weighted on what looks to be the scale found in Appellant's room.[4] Every room in the house had a digital scale and a large amount of unused baggies in it. The bedroom where Hanselka was found, contained a ledger

---

[4]    The scale with the meth weighed out on it appears in the picture atop what appears to be the pink camouflage case that was found in Appellant's room. The case in the photo has the letters "GNM" on it. The record shows that the case found in Appellant's room had the letters "GNM" on it as well.

that testimony established was a drug ledger used to keep track of who bought what and who owed what. That bedroom also contained $329 in cash.

There were various pipes and used syringes that indicated that Appellant was a user. However, being a drug user and a drug dealer are not mutually exclusive. Given the weight of all the other drug dealing paraphernalia, it is not reasonably likely that the jury determination regarding intent would be different had the search warrant and supporting affidavit been excluded. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2052; *Sorto*, 173 S.W.3d at 472.

We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

25